**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GREGORY ANDERSON,** ) | |
| **PATRICE ANDERSON,** ) | |
|      **Plaintiffs,** ) | |
| **vs.** ) | **No. 3:11-CV-3027-B-BH** |
| ) | |
| **OCWEN** ) | |
|      **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court is Plaintiff Gregory Anderson's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* received November 3, 2011 (doc. 3) and Plaintiff's joint *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* received December 15, 2011 (doc. 10). Based on the relevant filings and applicable law, the motions should be **DENIED**, and the case should be dismissed for failure to prosecute or follow orders of the Court.

**I. BACKGROUND**

Plaintiff Gregory Anderson filed this case on behalf of himself and Patrice Anderson (Plaintiffs) and moved to proceed *in forma pauperis* (IFP) on November 3, 2011. The IFP motion was signed only by Mr. Anderson and had information for one individual only. No information for his spouse was provided. By order dated November 7, Plaintiffs were informed that Mr. Anderson could not represent Ms. Anderson, and that each Plaintiff must either file an amended complaint that asserted only his or her personal claims, or they could both sign and submit a joint amended complaint. (*See* Doc. 6.) The order also advised that the application to proceed IFP was not signed by both Plaintiffs and did not contain financial information for both Plaintiffs, and that each party seeking to proceed *in forma pauperis* must submit a properly signed and completed application. *Id.*

The order provided that Plaintiffs had 30 days to submit their amended complaint(s) and motions to proceed IFP. *Id.* It also specifically warned that failure to comply with the order could result in the dismissal of the suit.

On December 1, 2011, plaintiffs filed an amended complaint and an amended motion for appointment of counsel, but did not file an amended IFP application that had been signed by Ms. Anderson or both parties. (*See* Doc. 7.) By order dated December 2, 2011, Plaintiffs were again advised that each party seeking to proceed *in forma pauperis* must submit a properly signed and completed application within fourteen days, and that failure to do so could result in dismissal of the case. (*See* Doc. 8.) On December 16, 2011, Plaintiffs filed an application to proceed IFP that was signed by both parties but only had information for one of them. (*See* Doc. 10.) The application did not include information for the spouse; it did not include the income or information contained in the first IFP application, and some answers were markedly different from those in the first application. The last four digits of the social security number listed in the December 16 application are different from the ones listed in Mr. Anderson's November 3 application.

Based on the information in the two applications, the Court found that Plaintiffs had enough assets to pay the filing fee. (*See* doc. 6.) They were given 20 days to pay the full filing fee of $350.00. *Id.* The order specifically warned that failure to timely pay the filing fee could result in dismissal of the case. *Id.* Plaintiffs have not paid the fee or filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Mr. Anderson's November 3 application appears to reflect that he receives $1690 in disability income per month, he owns a home valued at $112,000, he owns no vehicles, and has no cash. His monthly expenses total $1645, including $850 per month for a mortgage and $425 for utilities, and he lists 3 dependants. The December application reflects monthly employment income of $3126, cash in the amount of $700, a home valued at $150,000, and two vehicles. It does not include or reflect the disability income listed in Mr. Anderson's November 3 application, and contains no information for a spouse. The December 16 application reflects expenses in the amount of $3620, including $1500 per month for a mortgage, $600 for utilities, $300 for a car note, and insurance premiums of more than $300, it lists no dependants. Because the last four digits of the social security number listed in the December 16 application are different from the ones listed in Mr. Anderson's November 3 application, the December 16 application is construed as reflecting Ms. Anderson's assets and liabilities only.

Taking the two applications together, it appears that Plaintiffs have a combined monthly income of $ 4816. Because their amended complaint reflects only one address for both, and that address is the same one listed in a foreclosure notice attached to the original complaint, the mortgage expense and utilities listed in both applications appears to be duplicate entries (notwithstanding the difference in amounts). Because Plaintiffs' combined income appears to exceed the higher amount of claimed monthly liabilities ($3620) by approximately $1200, the Court should find that they have sufficient assets and will not suffer undue financial hardship after payment of the $350.00 filing fee.

Their applications to proceed *in forma pauperis* should therefore be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated December 16, 2011, Plaintiffs were given 20 days to pay the filing fee and specifically warned that failure to do so could result in dismissal of this action. Because they failed to comply with an order to pay the filing fee within thirty days or otherwise show that they intend to proceed with this case, Plaintiffs' complaint should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### IV.  RECOMMENDATION

Plaintiffs should be denied leave to proceed *in forma pauperis*, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SIGNED** on this 9th day of January, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE